IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1400 Eye Street, N.W. Suite 450 Washington, D.C. 20005<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530,<br><br>Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the failure of the Federal Bureau of Investigation (FBI), a component of defendant U.S. Department of Justice (DOJ), to make a determination on the expedited request of plaintiff Citizens for Responsibility and Ethics in Washington (CREW) for disclosure of records sufficient to show the source or sources of all drones used by the FBI from January 1, 2009, to the present; the funding source for all drones used by the FBI during that time period; who provided the FBI with any training on the use of drones; and records reflecting any policy concerning the FBI's use of drones for any purpose.

2. This case seeks declaratory relief that the DOJ is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(i), for failing to make a determination on plaintiff's expedited request for records within the meaning of the FOIA, and injunctive relief ordering defendant DOJ to process immediately the requested records in their entirety.

## JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff CREW is a non-profit, non-partisan corporation organized under § 501(c)(3) of the Tax Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

4. CREW is harmed by defendant's failure to process CREW's FOIA request on an expedited basis, because that failure hampers CREW's ability to satisfy the compelling public need for full, accurate, and current information about the FBI's use of drones to conduct domestic surveillance. Absent this critical information, CREW cannot advance its mission of educating the public to ensure the public continues to have a vital voice in government.

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. Its component, the FBI, has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

## FACTUAL BACKGROUND

6. In testimony before the Senate Judiciary Committee on June 19, 2013, FBI Director Robert Mueller revealed the FBI has used drones in the past to conduct domestic surveillance. Director Mueller described the FBI as using drones "in a very, very minimal way and very seldom," and further stated the FBI has "very few" drones. Director Mueller provided no further details of the FBI's drone program to Congress during his testimony. In a statement after Director Mueller's testimony, an FBI spokesperson said the FBI used a drone in Alabama in February during a seven-day hostage standoff.

7. The following day, the Federal Aviation Administration (FAA) released documents in response to a FOIA request from the Electronic Frontier Foundation. Those documents revealed the FBI began seeking permission from the FAA in 2009 to fly drones domestically, and received such authorization for its first drone operation one year later. The newly released documents show that in addition to the use of a drone in Alabama already made public by the FBI, the FAA authorized the FBI to fly three other drone operations in 2010 and 2011.

8. According to a June 20, 2013 *CNN* report, a law enforcement official has asserted the FBI has used drones "a little more than a dozen times."

9. Director Mueller's admission about the FBI's use of drones prompted Sen. Rand Paul (R-KY) to write a letter to the director on June 20, 2013, seeking answers to 11 questions concerning the FBI's drone use and the policies and practices that underlie it, as well as specific information about the FBI's inventory of drones.

10. By letter dated July 19, 2013, Assistant FBI Director Stephen D. Kelly responded to Sen. Paul's questions and claimed, *inter alia*, since 2006, the FBI has used drones to conduct

domestic surveillance in eight criminal cases and two national security cases. The FBI further claimed it used drones to conduct domestic surveillance pursuant to specific rules and regulations. Assistant Director Kelly refused, however, to disclose publicly more detailed information.

11. Sen. Paul responded to the FBI's July 19 letter by letter dated July 25, 2013, with a follow-up question concerning the FBI's interpretation of what constitutes a "reasonable expectation of privacy." According to the FBI, such an expectation dictates whether the FBI will seek a warrant to conduct domestic surveillance through the use of drones. Sen. Rand also sought documents providing guidance on this subject. The FBI has yet to respond to Sen. Rand's follow-up letter.

12. Director Mueller's revelation about the FBI's use of drones to conduct domestic surveillance came at a time when the nation was grappling with the public disclosure by former National Security Agency contractor Edward Snowden of two other surveillance programs involving the collection of telephone and email data. In the wake of Director Mueller's revelations, Senate Intelligence Committee Chairman Dianne Feinstein stated, "I think the greatest threat to the privacy of Americans is the drone and the use of the drone, and the very few regulations that are on it today and the booming industry of commercial drones."

### Plaintiff's FOIA Request And Request For Expedited Processing

13. By letter dated and delivered by facsimile on June 26, 2013, plaintiff requested under the FOIA four categories of records from the FBI: (1) records sufficient to show the source or sources of all drones used by the FBI from January 1, 2009, to the present; (2) records sufficient to show the funding source for all drones used by the FBI from January 1, 2009, to the present,

including specific appropriations and non-appropriated sources of funds used for this purpose; (3) records sufficient to show who provided the FBI with any training to enable the FBI to use drones; and (4) records reflecting or discussing any policy concerning the FBI's use of drones for any purpose, including but not limited to the legal justification for such use, and any memos of understanding between the FBI or DOJ and any other government agency or entity.

14. CREW also requested that the FBI expedite its processing of CREW's request pursuant to 28 C.F.R. §§ 16.5(d)(1)(ii). CREW explained it is engaged primarily in the dissemination of information it gathers from a variety of sources, including the FOIA, and seeks the information requested in the FOIA request at issue for the express purpose of disseminating it to the public. CREW further explained there is a particular urgency to inform the public about the source and funding of and legal rationale for the FBI's use of drones to conduct domestic surveillance. Moreover, providing the critically missing information requested by CREW here will respond directly to a growing public concern with the extent to which federal agencies, including the FBI, are surveilling and collecting significant data about U.S. citizens, and will assist the public in evaluating whether the FBI is operating within the bounds of the law in its use of drones.

15. In addition, by letter dated and delivered by facsimile on June 26, 2013, to Nanda Chitra, Acting Director of DOJ's Office of Public Affairs, CREW requested that office grant its request for expedition pursuant to 28 C.F.R. § 16.(d)(1)(iv), in light of the widespread and exceptional media interest in this matter and the questions that have been raised about the FBI's use of drones to conduct domestic surveillance, including whether that use complies with the law. As required by 28 C.F.R. § 16.5(d)(3), CREW certified that the basis for its request for

expedition is true and correct to the best of its counsel's knowledge and belief.

16. In support of both requests for expedition, CREW included newspaper articles demonstrating the widespread and exceptional media and public interest in the FBI's use of drones to conduct domestic surveillance.

17. By form letter dated July 3, 2013, the FBI denied CREW's request for expedition claiming CREW has neither demonstrated an urgency and ability to inform the public about a government activity nor shown a widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. The FBI did not address at all any of the facts CREW provided in support of its request for expedition.

18. To date, DOJ's Office of Public Affairs has not responded to CREW's request for expedition pursuant to 28 C.F.R. 16.5(d)(1)(iv).

19. Also by letter dated July 3, 2013, the FBI acknowledged receipt of CREW's request, indicated the FBI was searching the indices to its Central Records System for responsive information, and advised CREW its request for a fee waiver was being considered.

20. To date, the FBI has failed to advise CREW what documents the agency plans to release, and what documents the agency plans to withhold, and why – the determination the FOIA requires agencies to make within 20 business days of receiving a FOIA request. Because the FBI has failed to make a determination under the FOIA on CREW's request, CREW has now exhausted all applicable administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding Of Non-Exempt Records)

21. Plaintiff repeats and re-alleges paragraphs 1-20.

22. Plaintiff properly asked for records within the custody and control of DOJ and its component the FBI.

23. Defendant DOJ and its component the FBI wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on CREW's expedited FOIA request within the meaning of the FOIA, and by withholding from disclosure all records responsive to plaintiff's FOIA request.

24. Therefore, by failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

25. Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the expedited processing and disclosure of the requested records.

### CLAIM TWO
### (Wrongful Denial Of Expedition)

26. Plaintiff repeats and re-alleges paragraphs 1-25.

27. CREW established its entitlement to expedition of its FOIA request by demonstrating there is an urgency to inform the public about an actual or alleged federal government activity, CREW is engaged primarily in the dissemination of information, and there exists widespread and exceptional media interest in this matter, which raises possible questions about the government's integrity that affect public confidence.

28. The failure of DOJ to grant plaintiff's request for expedition under these

circumstances violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(ii), and DOJ's own regulations, 28 C.F.R. § 16.5(d).

29. Plaintiff is therefore entitled to declaratory and injunctive relief directing DOJ to expedite the processing of CREW's request.

## Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant DOJ and its component the FBI to complete the processing of plaintiff's June 26, 2013 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to expedited processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann
Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility and Ethics
   in Washington

|  |  |
|---|---|
|  | 1400 Eye Street, N.W., Suite 450 |
|  | Washington, D.C.  20005 |
|  | Telephone: (202) 408-5565 |
|  | Fax: (202) 588-5020 |
| Dated: July 30, 2013 | Aweismann@citizensforethics.org |